UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDGARDO MALDONADO,

          Plaintiff,

-v-

DAVID TODTENHAGEN,

          Defendant.

**DECISION AND ORDER**
05-CV-0276A

---

## DISCUSSION

Plaintiff Edgardo Maldonado, a *pro se* frequent filer, who has filed numerous cases in this Court,[1] has again filed a *pro se* action seeking relief under 42 U.S.C. § 1983 alleging that defendant David Todtenhagen, an FBI agent, has refused to give him a monetary reward for information he provided to the FBI. Plaintiff had previously filed virtually identical complaints actions against Agent Todtenhagen--*Moldonado [sic] v. Todtenhagen*, 03-CV-0703A), and *Maldonado v. Todtenhagen*, 05-CV-00141A--both

---

[1] The following cases have been filed in or transferred to this Court and dismissed either *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) or on motion to dismiss: *Maldonado v. Peters, et al*, 03-CV-0392A; *Maldonado v. N.Y. Compensation, et al*, 03-CV-0421A, *Maldonado v. Social Security*, 03-CV-0681S; *Maldonado v. Hagen*, 03-CV-0703A; *Maldonado v. Todtenhagen*, 05-CV-0141A; *Maldonado v. State of New York Workers Comp Board*, 05-CV-0211A; *Maldonado v. Peters et al*, 05-CV-0264A, and *Maldonado v. Peters, et al.*, 05-CV-0556A. The following cases have been filed recently and are awaiting initial review by the Court: *Maldonado v. Barnhart*, 05-CV-0471A; *Maldonado v. Todtenhagen*; 05-CV-0632A; and *Maldonado v. State of New York Worker's Comp Board*; 05-CV-0721A. Most of the recently filed cases are simply re-filings of cases previously dismissed: *Maldonado v. N.Y. Compensation, et al*, 03-CV-0421A, *Maldonado v. State of New York Workers Comp Board*, 05-CV-0211A, and *Maldonado v. State of New York Worker's Comp Board*, 05-CV-0721A; *Maldonado v. Peters, et al*, 03-CV-0392A, *Maldonado v. Peters et al*, 05-CV-0264A, and *Maldonado v. Peters, et al.*, 05-CV-0556A; *Maldonado v. Social Security*, 03-CV-0681A, and *Maldonado v. Barnhart*, 05-CV-0471A; *Maldonado v. Todtenhagen*, 05-CV-0141A, *Maldonado v. Todtenhagen*; 05-CV-0632A and this case (05-CV-0276A).

of which were dismissed by this Court, pursuant to 28 U.S.C. § 1915(e)(2)(B), as "factually frivolous" and repetitious, respectively.[2]

Plaintiff has requested permission to proceed in forma pauperis (Docket No. 2) and seeks the appointment of counsel (Docket No. 3). For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and the motion for appointment of counsel is denied as moot.

## DISCUSSION

In 2003, plaintiff filed essentially the same complaint in this Court alleging that defendant Agent Todtenhagen failed to give him a reward, or instructions for receiving a reward, for information provided to Agent Todtenhagen. (Moldonado [sic] v. Todtenhagen, 03-CV-0703A(Sr)). That action was dismissed by this Court (Hon. John T. Elfvin) sua sponte, pursuant to 28 U.S.C. § 1915(e)(2)(B), on the basis that it was predicated on indisputably baseless legal theories and failed to state a claim upon which relief can be granted. (Id., Docket No. 5, Order, filed December 29, 2003). Plaintiff's appeal from that dismissal was dismissed by the United States Court of Appeals for the Second Circuit on September 27, 2004, on the ground that the appeal lacked any arguable basis in law or fact. (Id., Docket No. 10, Mandate).

Earlier this year, plaintiff again filed a complaint against Agent Todtenhagen alleging that he did not receive a multi-million dollar reward for information he provided

---

[2]Subsequent to the filing of the instant action, plaintiff filed a fourth action against Agent Todtenhagen (Maldonado v. Todtenhagen, 05-CV-0632A) again alleging the same claims he has alleged in this action and the two earlier actions filed against Todtenhagen. That action will be dealt with in a separate order.

to the FBI three months prior to the "9-11" attacks on the World Trade Center relating to graffiti which was threatening to Puerto Ricans. (*Maldonado v. Todtenhagen*, 05-CV-0141A). That complaint was dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), as duplicative of the first action, see *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint that repeats pending or previously litigated claims "may be considered abusive and dismissed under the authority of section 1915(e)"); *Blake v. Bentsen*, 95 CV 2227 (SJ), 1995 WL 428694, at *2 (E.D.N.Y. 1995) (directing dismissal of repetitious litigation as abusive and malicious), and because, like the first action (03-CV-0703A), it contained the type of "fantastic," "delusional" and "incredible" allegations that warranted dismissal as factually frivolous. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional."). Plaintiff's notice of appeal was dismissed by the Second Circuit for plaintiff's failure to either pay the docketing fee or move for leave to proceed *in forma pauperis*. (*Maldonado v. Todtenhagen*, 05-CV-0141A, Docket No. 9, Mandate).

As noted, the instant action is the same as the first two actions filed against Agent Todtenhagen and alleges that plaintiff has been denied a reward for information provided to the FBI. Because this action is wholly duplicative of the first two actions previously dismissed by this Court, it must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as abusive and repetitive. See *Bailey*, 846 F.2d at 1021; *Blake*, 1995 WL 428694, at *2.

Plaintiff is advised and put on notice that the filing of repetitive, vexatious, baseless or frivolous litigation may subject him to sanctions pursuant to both Fed.R.Civ.P. 11 and the federal courts' inherent power and obligation "to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 184 n. 8 (1989) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir.), *cert. denied*, 474 U.S. 1061 (1986)). The fact that plaintiff is *pro se* does not protect him from the imposition of sanctions when necessary and appropriate to deter baseless filings, *see DePonceau v. Bush*, 04-CV-6240CJS(Fe), 2004 WL 1574621, at *3 (W.D.N.Y. June 4, 2004) (citations omitted). Future filings by plaintiff which do not comply with Fed.R.Civ.P. 11, or are baseless, frivolous, repetitious, oppressive or vexatious may lead to the imposition of sanctions against him which may include, but are not limited to a monetary fine, a requirement that plaintiff obtain permission before filing any new actions or an injunction prohibiting any future filings.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), and his motion for appointment of counsel is denied as moot.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of

Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* (Docket No. 2) is granted and his motion for appointment of counsel (Docket No. 3) is denied;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: Dec, 22, 2005